**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

                                                              Case No.
                                                              Hon.

                    Plaintiffs,


v

TAYLOR METAL CARPENTRY, INC.,
a Michigan corporation, and
RONALD F. RUSNAK, an individual,

                    Defendants.

_____/

WALTER B. FISHER JR. (P51337)
FILDEW HINKS, PLLC
Attorneys for Plaintiffs
26622 Woodward Avenue
Suite 225
Royal Oak, MI 48067
(248) 837-1397

_____/

<u>**COMPLAINT**</u>

        Plaintiffs, by their attorneys, Fildew Hinks, PLLC, state:

        1.      The Detroit Carpenters Fringe Benefit Funds, a voluntary association,

consists of representatives and agents of the Detroit Carpenters Health and Welfare

Fund, the Michigan Regional Council of Carpenters Employee Benefits Fund, the

Carpenters Pension Trust Fund - Detroit and Vicinity, the Carpenters Annuity Fund, The Michigan Regional Council of Carpenters Annuity Fund, the Carpenters Vacation and Holiday Trust Fund - Detroit and Vicinity, the Detroit Carpenters Joint Apprenticeship and Training Trust Fund, the Guarantee Fund and the Industry Advancement Fund (if applicable), each of which is a trust fund established pursuant to the Labor-Management Relations Act of l947 ("LMRA"), as amended, 29 U.S.C., Section 141 et seq., and the Employee Retirement Income Security Act of l974 ("ERISA"), as amended, 29 U.S.C., Section 1001 et seq., having its principal office in this District and Division.  Plaintiffs are trustees of the funds named, on whose behalf, and on behalf of whose beneficiaries, this action is filed, as their respective interests shall appear.

2.      Defendant Taylor Metal Carpentry, Inc. ("Defendant") is a Michigan company doing business in this district and division.

3.      Ronald F. Rusnak is an individual doing business in this district and division.

4.      Ronald F. Rusnak was an owner, officer, and/or individual otherwise involved with a Michigan corporation known as Taylor Metal Carpentry, Inc., a business which engaged in the commercial construction industry.  In such capacity, and upon information and belief, Ronald F. Rusnak was involved in, and took part in,

2

the day-to-day affairs and operations of, and maintained control of Taylor Metal Carpentry, Inc.

5.      Jurisdiction of this Court is predicated on Section 30l of the LMRA, 29 U.S.C., Section l85, and Section 502 of ERISA, 29 U.S.C., Section 1132, this being a suit for violation of a contract between an employer (Defendant) and the Michigan Regional Council of Carpenters, AFL-CIO, the successor to the Carpenters District Council of Detroit, (the "Union"), a labor organization representing employees in an industry affecting commerce.

## Count I   ERISA Claim

6.      Defendant, either directly or through its authorized agents, has entered into one or more collective bargaining agreements with the Union, copies of which are in the possession of the Defendant and are not attached hereto due to their bulk, but which will be supplied upon request.

7.      Pursuant to the collective bargaining agreements Defendant became obligated to pay wages and to make periodic payments to the Funds represented by Plaintiffs, which payments constituted employee benefits earned by employees of the Defendant who were either members, or fell within the jurisdiction, of the Union and were covered by the collective bargaining agreements.

8.      Pursuant to the collective bargaining agreements alleged above, Plaintiffs are entitled to audit the books and records of Defendant to verify the accuracy of the contributions made to Plaintiffs pursuant to the agreements as well as to determine the amount of any deficiency.

9.      Pursuant to the collective bargaining agreements alleged above, Defendant submitted for audit its books and records to verify the accuracy of the contributions made to Plaintiffs pursuant to the agreements as well as to determine the amount of any deficiency for the period July 1, 2011, through March 30, 2015.

10.     Plaintiffs determined a deficiency for fringe benefits, in the amount of $46,662.24 and prejudgment interest and liquidated damages, calculated pursuant to the collective bargaining agreement, in the amount of $36,238.61, for the period July 1, 2011, through March 30, 2015, as shown by the audit letter attached hereto as Exhibit A.

11.     There is now due and owing to Plaintiffs from Defendant the sum of $82,900.85.

12.     Despite demands by Plaintiffs, Defendant has failed, neglected and refused to pay that amount or any portion thereof.

WHEREFORE, Plaintiffs pray:

A.    That this Court enter judgment against Taylor Metal Carpentry, Inc., for $82,900.85, plus actual costs, double interest and actual attorney fees.

B.    That this Court grant Plaintiffs any other relief that it deems appropriate.

## Count II    Michigan Builders Trust Fund Claim

13.    Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 12 hereof as though fully set forth herein.

14.    During the period July 1, 2011, through March 30, 2015, Defendant engaged in the business of commercial construction contracting, among other facets of the construction industry, and as such conducted business in the building construction industry within the meaning of the Michigan Building Contract Fund Act, Mich. Comp. Laws Ann. §570.151 et seq. (hereinafter the "Trust Fund Act").

15.    Upon information and belief, Ronald F. Rusnak, in connection with the operation of Taylor Metal Carpentry, Inc., received payment from customers for all, or part, of the labor which remains the subject of the fringe benefit contributions which remain unpaid to Plaintiffs.

16.    Pursuant to the Trust Fund Act, any such payments received by Taylor Metal Carpentry, Inc., and/or Ronald F. Rusnak were deemed to be held in trust by them, as trustees for the benefit of, among others, the individual employees who furnished labor to, and or on behalf of, Taylor Metal Carpentry, Inc.

17.     Upon information and belief, the funds that were held in trust by Taylor Metal Carpentry, Inc., and Ronald F. Rusnak, in their capacities under the Trust Fund Act, included the contributions Taylor Metal Carpentry, Inc., was required to make to the Plaintiffs for the period July 1, 2011, through March 30, 2015.

18.     Upon information and belief, in violation of the Trust Fund Act, Taylor Metal Carpentry, Inc., and Ronald F. Rusnak retained, used or appropriated said payments received for purposes other than to pay the fringe benefit contributions accrued for the benefit of the individual carpenters employed by Taylor Metal Carpentry, Inc.

19.     Upon information and belief, Taylor Metal Carpentry, Inc., and Ronald F. Rusnak appropriated monies paid to Taylor Metal Carpentry, Inc. for their own business operations and/or for their own personal use before payment of all monies due, or to become due to Plaintiffs, in violation of Mich. Comp. Laws Ann. 570.151, et seq.

WHEREFORE, Plaintiffs request this court order an accounting in connection with payments received by Taylor Metal Carpentry, Inc., for work performed during the period July 1, 2011, through March 30, 2015; declare Taylor Metal Carpentry, Inc., and Ronald F. Rusnak to be  Trustees with respect to funds received during that period; to trace the proceeds of the subject trust funds, and to enter judgment

against Taylor Metal Carpentry, Inc., and Ronald F. Rusnak jointly and severally in the

amount of $82,900.85, plus actual costs,  interest and actual attorney fees.


Dated:  October 27, 2015                **FILDEW HINKS, PLLC**

                                        By:   s/Walter B. Fisher Jr.
                                              Attorneys for Plaintiffs
                                              26622 Woodward Avenue
                                              Suite 225
                                              Royal Oak, MI 48067
                                              (248) 837-1397
                                              wfisher@fildewhinks.com
                                              P51337

# EXHIBIT A